**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson, State Bar No. 257074
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson, State Bar No. 237882
sclarkson@clarksonlawfirm.com
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorney for Plaintiff Anthony Bush and the
Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated, | No. 3:16-cv-02460-RS |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **FIRST AMENDED COMPLAINT** |
| MONDELEZ INTERNATIONAL, INC., MONDELEZ GLOBAL, LLC, and DOES 1 through 10, inclusive | 1. Cal. Bus. & Prof. Code § 17200<br>2. Cal. Bus. & Prof. Code § 17500<br>3. Cal. Civ. Code § 1750<br>4. Breach of Implied Warranty<br>5. Unjust Enrichment<br>6. Negligent Misrepresentations<br>7. Fraud |
| Defendants. | |
| | <u>JURY TRIAL DEMANDED</u> |

Plaintiff Anthony Bush, individually and on behalf of all others similarly situated, brings this class action complaint against Mondelez International, Inc. and Mondelez Global, LLC (collectively "Mondelez") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

///

///

///

///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

# I.

## NATURE OF THE ACTION

1.     This is a class action lawsuit brought on behalf of all purchasers of Go-Paks manufactured, advertised, distributed, and/or sold by Mondelez, including Mini Chips Ahoy!, Mini Oreo, Golden Oreo Mini, Nutter Butter Bites, Mini Nilla Wafers, Ritz Bits, and Teddy Grahams (the "Product(s)") (pictured below).   Mondelez intentionally misleads consumers by falsely and deceptively misrepresenting the quantity of food contained in each unit of Product by under-filling oversized opaque packaging that contains an unlawful amount of empty space, or "slack-fill."



2.     The average consumer spends only 13 seconds to make an in-store purchasing decision.[1] That decision is heavily dependent on a product's packaging,

---

[1]  http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]

3.     At all relevant times, Mondelez has packaged the Products in cup-shaped containers, the contents of which cannot be seen or felt at the time of purchase. The packaging of the Products leads the reasonable consumer to believe he or she is purchasing a container full of the advertised cookies. Judging from the sizes of the containers, a reasonable consumer would expect them to be substantially filled with cookies. In reality, the Product is uniformly under-filled by 25% or more (represented by the red striped lines above).

4.     The empty space, or "slack fill," present in the Products' packaging is non-functional and therefore unlawful according to the U.S. Food and Drug Administration (FDA). The Code of Federal Regulations provides six circumstances in which slack-fill is functional.  21 C.F.R. § 100.100(a)(1)-(6).  None of these circumstances apply here.

5.     First, the empty space does not protect the contents of the package.  *See id.* at §100.100(a)(1).  In fact, the cookies are more likely to break with the slack-fill present than if the container was full. Second, the machines used to place the protective film and lid on the containers would not be affected if there were more cookies present.  *See id.* at §100.100(a)(2).  Third, the slack-fill is not a result of the cookies settling during shipping and handling.  *See id.* at §100.100(a)(3).  Fourth, the package does not perform a specific function that necessitates the slack-fill.  *See id.* at §100.100(a)(4).  Fifth, the packaging is not part of a reusable container with

---

[2]http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/product uctpackaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

significant value to the Products independent of its function to hold the cookies. *See id.* at §100.100(a)(5). Finally, Defendant is not unable to increase the number of cookies or reduce the size of the container. *See id.* at §100.100(a)(6). Having failed to meet any of the circumstances allowing the empty space present in the containers, the Products contain unlawful, nonfunctional slack-fill.

6.     There is no functional reason for including more than 25% slack fill in the Product.

7.     Defendant's misleading use of non-functional slack fill allows Defendant to save a considerable amount of money on food production costs to the detriment of unsuspecting consumers.

8.     On information and belief, consumers have relied upon, and are continuing to rely upon, the size of the Product containers as the basis for making purchasing decisions.  Consumers believe that the Products are substantially full because they cannot see the actual contents within the non-transparent containers. *See Waldman v. New Chapter, Inc.*, 714 F. Supp. 2d 398, 404 (E.D.N.Y. 2010) (finding that a half-filled supplement container could constitute a "misleading representation" that resulted in the unjust enrichment of the manufacturer even though the weight of the product and the number of servings enclosed were clearly listed on the outer packaging).

9.     On information and belief, Defendant is selling and will continue to sell the Product using these intentionally deceptive and misleading slack filled containers.

10.     Defendant's packaging and advertising of the Product violates California law against misbranding, which contains requirements that mirror the FDCA, as described herein.

11.     Plaintiffs relied on Defendant's misleading and deceptive conduct and were injured as a result.

12.     The types of misrepresentations made, as described herein, were considered by Plaintiff and Class members (as would be considered by a reasonable

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

consumer) when deciding to purchase the Products. Reasonable consumers, including Plaintiff and Class Members, attached importance to whether Defendant's Products were misbranded, *i.e.*, not legally salable, or capable of legal possession, and/or contain non-functional slack fill.

13.    Plaintiffs and the Class Members did not know, and had no reason to know, that the Products contained non-functional slack-fill.

14.    Defendant's Product packaging was a material factor in Plaintiff's and the Class Members' decisions to purchase the Products. Based on Defendant's Product packaging, Plaintiff and the Class Members believed that they were getting more Product than was actually being sold. Had Plaintiff known Defendant's packaging was slack-filled, he would not have bought the slack-filled Products.

15.    Plaintiff and the Class Members paid the full price of the Products and received less Product than they expected due to the non-functional slack-fill in the Products.

16.    There is no practical reason for the non-functional slack-fill used to package the Products other than to mislead consumers as to the actual volume of the Products being purchased by consumers.

17.    As a result of Defendant's misrepresentations, Plaintiff and thousands of others throughout the United States purchased the Products. Plaintiffs and the Class (defined below) have been damaged by Defendant's deceptive and unfair conduct.

18.    Plaintiff, on behalf of himself and the proposed class, seeks damages, restitution and injunctive relief against Defendants for false and misleading advertising in violation of Business & Professions Code Section 17200, *et seq*., Business & Professions Code Section 17500, *et seq*., Civil Code Section 1750, *et seq*., breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud.

19.    By letter dated November 6, 2015, Plaintiff advised Defendants of its false and misleading claims pursuant to California Civil Code Section 1782(a).

20.     Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## II.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367.

22.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff is a citizen of California, resides in this District, and his purchases of the Product were made in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including, but not limited to, label, packaging, and internet advertisements, among other advertising.

23.     Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and doing business in California.

## III.

## PARTIES

24.     Plaintiff is, and at all times relevant hereto was, an individual residing in San Francisco County, California, which is located in the federal judicial district for the Northern District of California.  Plaintiff purchased each of the Go-Pak Products at issue, including Mini Chips Ahoy!, Mini Oreo, Nutter Butter Bites, Mini Nilla

Clarkson Law Firm, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

Wafers, Ritz Bits, and Teddy Grahams, at a supermarket in San Francisco, California within the last three (3) years. In each instance, the Product was under-filled with cookies and uniformly contained an unlawful amount of slack fill of 25% or more. In making each of his purchases, Plaintiff relied upon the opaque packaging, including the size of the containers, which was prepared and approved by Defendants and their agents and disseminated statewide and nationwide, designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product's containers were substantially under-filled he would not have purchased the Product or paid a price premium for the Product.

25. Mondelez International, Inc. and Mondelez Global, LLC are corporations headquartered in East Hanover, New Jersey. They maintain their principal places of business at 100 Deforest Ave., East Hanover, NJ 07936. They, directly and through their agents, have substantial contacts with and receive substantial benefits and income from and through the State of California. They are the owner, manufacturer, and distributor of the Product, and are the companies that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Product.

26. The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in the Northern District of California. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

27.     Plaintiff is informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining defendants and was acting in such capacity in doing the things herein complained of and alleged.

28.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products.  Defendants participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

29.     Defendants, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that the Products were being under-filled, and thus the packaging of the Product was misleading.  Defendants affirmatively misrepresented the quantity of the Products' contents in order to convince the public and the Products' consumer to purchase and use the Products, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

## IV.

## CLASS ACTION ALLEGATIONS

30.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated.  The Classes which Plaintiff seeks to represent are:

    a.  All persons residing in the United States who purchased the Product for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

///

FIRST AMENDED COMPLAINT

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

b.  All persons residing in the State of California who purchased the Product for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

31.  The Class comprises many thousands of persons throughout the United States and California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.  The Class is sufficiently numerous because millions of units of the Product have been sold in the United States and State of California during the time period May 5, 2012, through the present (the "Class Period").

32.  There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

b.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

c.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

d.  Whether Defendants made false and misleading representations in their advertising and packaging of the Product;

///

e. Whether Defendants knew or should have known that the representations were false;

f. Whether Defendants represented that the Product has characteristics, benefits, uses, or quantities which the Product does not have;

g. Whether Defendants warranted that the Product contained an adequate amount of cookies for a container of its size;

h. Whether Defendants warranted that the Product is legal for sale in the United States;

i. Whether Defendants breached these warranties; and

j. Whether Defendants committed statutory and common law fraud by doing so.

33. Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

34. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations. Plaintiff purchased units of the Products under the belief that they were adequately filled with food items. Plaintiff relied on Defendants' packaging and would not have purchased the Product if he had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

35. A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for Class members to prosecute their claims individually.

36. The trial and litigation of Plaintiff's claims are manageable. Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system. The class action device presents

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

37.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendants.

38.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## V.

## FACTUAL BACKGROUND

39.     The Product is marketed and sold at retailers across California and the United States with the packaging at issue.

40.     Defendants routinely employed slack-filled packaging to mislead consumers into believing they were receiving more of the Product than they actually received.

41.     Defendants lacked any lawful justification for doing so.

42.     Plaintiff and members of the Class relied on and were deceived by Defendants' misleading slack filled packaging.

43.     Plaintiff purchased slack-filled packages of Defendants' Products, including Mini Chips Ahoy!, Mini Oreo, Golden Oreo Mini, Nutter Butter Bites, Mini Nilla Wafers, Ritz Bits, and Teddy Grahams Go Paks.

44.     Plaintiff did not know, and had no reason to know, that Defendants'

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

misbranded food products were slack-filled and misbranded, given the fact that the containers are not transparent and thus give no indication as to actual quantity. Had Plaintiff known Defendants' packaging was slack-filled he would not have bought the slack-filled products. Because of Defendants' slack-fill packaging violations these products were misbranded and could not be legally held or sold.

45.     Upon information and belief, Plaintiff alleges that during the course of the deception, Defendants have sold millions of units of the Product based upon the misleading size of the Product container.

46.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful slack-fill.  Plaintiff paid an unwarranted premium for these products.  Specifically, Plaintiff paid for Product he never received. Plaintiff would not have purchased the Product if he had known that the containers were not adequately filled.

47.     Defendants' false and misleading packaging should be enjoined due to the false, misleading, and/or deceptive nature of Defendants' inadequately filled containers.  In addition, Defendants should be compelled to provide restitution and damages to consumers who paid a premium price for the Product due to Defendant's representation that it contained an adequate amount of cookies for a container of its size.

## VI.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF

## BUSINESS & PROFESSIONS CODE § 17200, *et seq*.

### (By Plaintiff against all Defendants)

48.     Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

49.     This cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

Product in the United States for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

50.     In the alternative, this cause of action is brought pursuant to Business and Professions Code § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the Product in the State of California for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

51.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…"

52.     Defendants' packaging of the Product, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable.

53.     Defendants are aware that the packaging of the Product is false, deceptive, misleading, and unreasonable.

54.     As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitutes an unfair and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

55.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of Product contained therein.

56.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

57.     Pursuant to <u>Business & Professions Code</u> §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of under filling the Product's containers.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

58.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful slack-fill. Plaintiff paid an unwarranted premium for these products.  Specifically, Plaintiff paid for Product her never received.  Plaintiff would not have purchased the Product if he had known that the containers were not adequately filled.

## VII.

### SECOND CAUSE OF ACTION

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF

### BUSINESS & PROFESSIONS CODE § 17500, *et seq*.

#### (By Plaintiff against all Defendants)

59.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

60.     This cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the Product in the United States for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

61.     In the alternative, this cause of action is brought pursuant to <u>Business and Professions Code</u> § 17200, *et seq*., on behalf of a Class consisting of all persons who

purchased the Product in the State of California for personal use and not for resale during the time period May 5, 2012 through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

62.    California's False Advertising Law, Cal. Bus. & Prof. Code 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

63.    Defendants committed acts of false advertising, as defined by §17500, by misrepresenting that the Product contained an adequate amount of Product for a container of its size and that the Product is legal for sale in the United States.

64.    Defendant knew or should have known, through the exercise of reasonable care that their representations about the Product were untrue and misleading.

65.    Defendant's actions in violation of §17500 were false and misleading such that the general public is and was likely to be deceived.

66.    Pursuant to <u>Business & Professions Code</u> §§ 17203 and 17535, Plaintiff and the members of the Class seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of under filling the Product's containers.  Likewise, Plaintiff and the members of the Class seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

67.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.   Plaintiff purchased the Product in reliance of the claims by Defendants that the Product was of the quality represented by Defendants' packaging and advertising.   Plaintiff would not have purchased the Product if he had known that the claims and advertising as described herein were false.

## VIII.

## THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq.*

### (By Plaintiff against all Defendants)

68.    Plaintiff repeats and realleges the allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

69.    This cause of action is brought pursuant to Civil Code § 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on behalf of a Class consisting of all persons who purchased the Product in the United States for personal use and not for resale during the time period May 5, 2012, through the present.   Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

70.    In the alternative, this cause of action is brought pursuant to the CLRA on behalf of a Class consisting of all persons who purchased the Product in the State of California for personal use and not for resale during the time period May 5, 2012, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

71.    The Class consists of thousands of persons, the joinder of whom is impracticable.

72.    There are questions of law and fact common to the class, which questions

FIRST AMENDED COMPLAINT

are substantially similar and predominate over questions affecting the individual members, including but not limited to: (a) Whether Defendants represented that the Product has characteristics, benefits, uses or quantities which it does not have; (b) Whether the existence, extent and significance of the major misrepresentations regarding the purported benefits, characteristics and efficacy of the Product violates the Act; and (c) Whether Defendants knew of the existence of these misrepresentations.

73.   The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public and violated and continue to violate § 1770(a)(5) and (9), of the CLRA, respectively, by representing that the Product: (1) has characteristics, ingredients, uses, benefits, and quantities which it does not have and (2) advertising the Product with intent not to sell it as advertised.

74.   Defendants fraudulently deceived Plaintiff and the Class by representing that the Product has certain characteristics, benefits, uses, and quantities which they do not have (e.g., that the Product was adequately filled with cookies).  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

75.   Defendants fraudulently deceived Plaintiff and the Class by advertising the Product with intent not to sell it as advertised (e.g., by intentionally under-filling the Product's containers).  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

76.   Defendants knew or should have known, through the exercise of reasonable care that the Product's packaging was misleading.

77.   Defendants' actions as described hereinabove were done with conscious

disregard of Plaintiff's rights and Defendants were wanton and malicious in its concealment of the same.

78.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations in an amount to be determined at trial.

**IX.**

**FOURTH CAUSE OF ACTION**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(By Plaintiff against all Defendants)**

79.     Plaintiff repeats and realleges the allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

80.     Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

81.     Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that the Product contained an adequate amount of cookies for a container of its size and that the Products is legal for sale in the United States.

82.     Defendant breached the warranty implied in the contract for the sale of the Product because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the Product does not contain an adequate amount of cookies for a container of its size and is illegal for sale in the United States. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

83.     Plaintiff and Class members purchased the Product in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

84.     The Product was defectively designed and unfit for its intended purpose, and Plaintiff and Class members did not receive the goods as warranted.

85.     As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and the Class have suffered injury in fact and have lost money as

a result of Defendants' false representations.  Plaintiff purchased the Product in reliance of the claims by Defendants that the Product was of the quality represented by Defendants' packaging.  Plaintiff would not have purchased the Product if he had known that the claims and advertising as described herein were false.

## X.

## FIFTH CAUSE OF ACTION

## UNJUST ENRICHMENT

### (By Plaintiff against all Defendants)

86.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

87.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

88.    Plaintiff and Class members conferred benefits on Defendants by purchasing the Product.

89.    Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Product. Retention of those moneys under these circumstances is unjust and inequitable because Defendants misrepresented that the Product contained an adequate amount of cookies for a container of its size and that the Product is legal for sale in the United States. These misrepresentations caused injuries to Plaintiff and Class members because they would not have purchased the Product if the true facts were known.

90.    Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendants must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

///

///

///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

# XI.

## SIXTH CAUSE OF ACTION

## NEGLIGENT MISREPRESENTATION

### (By Plaintiff against all Defendants)

91.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

92.    Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

93.    As discussed above, Defendants misrepresented that the Product contained an adequate amount of cookies for a container of its size and that the Product is legal for sale in the United States. Defendants had a duty to disclose this information.

94.    At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

95.    At a minimum, Defendants negligently misrepresented and/or negligently omitted material facts about the Product.

96.    The negligent misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

97.    Plaintiff and Class members would not have purchased the Product if the true facts had been known.

98.    The negligent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

///

///

///

FIRST AMENDED COMPLAINT

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

## XII.

## SEVENTH CAUSE OF ACTION

## FRAUD

### (By Plaintiff against all Defendants)

99.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

100.   Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

101.   As discussed above, Defendants provided Plaintiff and Class members with false or misleading material information and failed to disclose material facts about the Product, including but not limited to the fact that it contained an adequate amount of cookies for a container of its size and that the Product is legal for sale in the United States. These misrepresentations and omissions were made with knowledge of their falsehood.

102.   The misrepresentations and omissions made by Defendants, upon which Plaintiff and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiff and Class members to purchase the Product.

103.   The fraudulent actions of Defendants caused damage to Plaintiff and Class members, who are entitled to damages and other legal and equitable relief as a result.

## XIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.    For an order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

B.   For an order certifying the California Subclass pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative of the California Subclass, and designating Plaintiff's counsel as counsel for the California Subclass;

C.   For an order declaring that Defendant's conduct violated the CLRA, California Civil Code Section 1750, *et seq.*, and awarding (i) injunctive relief, (ii) costs of suit, and (iii) reasonable attorney fees;

D.   For an order declaring that Defendant's conduct violated California's Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*, and California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, and awarding (i) injunctive relief, (ii) actual damages, (iii) prejudgment and post judgment interest, (iv) exemplary and/or punitive damages pursuant to California Civil Code Section 3294, (v) costs of suit, and (vi) reasonable attorney fees pursuant to, inter alia, California Code of Civil Procedure Section 1021.5;

E.   For an order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution and all other forms of equitable relief to Plaintiff and all members of the Class in an amount to be determined at trial;

F.   For compensatory  damages in an amount to be determined by the Court and/or jury;

G.   For injunctive relief as pleaded or as the Court may deem proper

H.   For punitive damages;

I.   For pre-judgment interest from the date of filing this suit;

J.   For reasonable attorney fees;

K.   For costs of this suit; and

///

L.   For such other and further relief as the Court may deem necessary or appropriate.

DATED: August 1, 2016                     **CLARKSON LAW FIRM, P.C.**


                                          ___/s/ Ryan J. Clarkson_____
                                          Ryan J. Clarkson, Esq.
                                          Shireen M. Clarkson, Esq.
                                          Attorneys for Plaintiff and the Proposed
                                          Plaintiff Class

FIRST AMENDED COMPLAINT

1

## **JURY TRIAL DEMANDED**

2          Plaintiff demands a jury trial on all triable issues.

3

4

5

6    DATED: August 1, 2016                    **CLARKSON LAW FIRM, P.C.**

7

8

9                                            __/s/ Ryan J. Clarkson_____
                                             Ryan J. Clarkson, Esq.
10                                           Shireen M. Clarkson, Esq.
                                             Attorneys for Plaintiff and the Proposed
11                                           Plaintiff Class

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

FIRST AMENDED COMPLAINT

PROOF OF SERVICE

UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA

I am employed in the County of LOS ANGELES, State of CALIFORNIA.  I am over the age of 18 and not a party to within action; my business address is **448 S. Hill St., Ste. 701, Los Angeles, California 90013**.

On August 1, 2016, I served the foregoing documents described as **FIRST AMENDED COMPLAINT** on interested parties in this action by sending a true copy of the document to the following parties as follows:

**JENNER & BLOCK LLP**
Kenneth K. Lee (SBN 264296)
klee@jenner.com
Kate T. Spelman (SBN 269109)
kspelman@jenner.com
633 West 5th Street, Suite 3600
Los Angeles, CA 90071-2054

**JENNER & BLOCK LLP**
Dean N. Panos (admitted *pro hac vice*)
dpanos@jenner.com
353 N. Clark Street
Chicago, IL 60654-3456

____ (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

__X__ (BY ELECTRONIC SERVICE) I caused the document(s) to be sent to the offices of the addressees via Online Filing Service.

____ (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (310) 396-9635 and was reported as complete and without error.

____ (BY OVER NIGHT DELIVERY) I caused such envelope(s) thereon fully prepaid to be placed in the Norco Overnite box at Santa Monica, California.

____ (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

____ (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

1

Executed on August 1, 2016, at Los Angeles, California

    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

 **X** (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Sarah Longalong

2