United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY J. BUSH,<br><br>    Plaintiff,<br><br>    v.<br><br>MONDELEZ INTERNATIONAL, INC., et al.,<br><br>    Defendants. | Case No. 16-cv-02460-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Plaintiff Anthony Bush avers that food manufacturer Mondelez International Inc. ("Mondelez") under-fills certain travel-size snack products. Bush does not dispute that the snack product labels accurately disclose the number of cookies or crackers included in each container. He argues, rather, that the containers include empty space at the top, so the container size misrepresents the volume of included snack. Mondelez moves to dismiss on several grounds, including that Bush fails to state a plausible claim for relief. For the reasons that follow, Mondelez's motion is granted. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument and the hearing set for October 13, 2016 is vacated.

## II. BACKGROUND

Bush contends that, over the last three years, he has purchased Mini Chips Ahoy!, Mini Oreo, Golden Oreo Mini, Nutter Butter Bites, Mini Nilla Wafers, Ritz Bits, and Teddy Grahams ("Go-Pak products"), only to be disappointed each time by the actual quantity of included snack. He alleges that Go-Pak products, sold in opaque containers, contain empty space (known as "slack-fill"), so there is a difference between the actual capacity of the containers and the volume of product contained therein. Bush does not deny that Go-Pak product labels accurately disclose

the product's net weight, the number of cookies or crackers per serving and the number of servings per container.[1]  Instead, he argues that the container size leads consumers to believe that there will be more snack food than there actually is.  Bush avers he relied upon the Go-Pak "packaging" in making his purchase decisions and claims he would not have purchased the products had he known the containers were not "adequately filled."  Compl. ¶¶ 9, 31.  In his Amended Complaint, he seeks to represent a nationwide class of consumers and asserts six claims for relief: (1) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; (2) violation of California's False Advertising Law ("FAL"); *id.* § 17500; (3) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (4) breach of implied warranty of merchantability; (5) unjust enrichment; (6) negligent misrepresentation; and (7) fraud.

Mondelez moves to dismiss on the basis that: (i) Bush's claims are implausible and (ii) preempted; (iii) Bush fails to plead his claims with particularity; (iv) Bush fails to state a claim for breach of implied warranty of merchantability; and (v) Bush's negligent misrepresentation claim is barred by the economic loss doctrine.  Mondelez argues that, if the Amended Complaint is not dismissed, the nationwide class allegations should be stricken.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  While "detailed factual allegations" are not

---

[1] The complaint includes only a partial image of the Go Pak product labels. *See* Compl. ¶ 1.  A plaintiff, however, cannot "surviv[e] a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), as amended (July 28, 1998) (superseded by statute on other grounds).  Mondelez has provided a more complete image of the labels in the Declaration of Sandra Hanian.  A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  Here, the product labels are central to Bush's claim and Bush does not challenge the authenticity of the images in the Hanian declaration.  Bush argues that Mondelez must establish that those images reflect packaging identical to the products that Plaintiff and others purchased throughout the class period.  The images, however, are considered only to establish that Go-Pak labels disclose the number of cookies or crackers per container, a fact that Bush does not dispute.

required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id*. The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id*. at 679. In alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotations and citations omitted).

A motion to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When evaluating such a motion, the court must accept all material allegations in the complaint as true, even if doubtful, and construe them in the light most favorable to the non-moving party. *Twombly*, 550 U.S. at 570. "[C]onclusory allegations of law and unwarranted inferences," however, "are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

## IV. DISCUSSION

Bush alleges that Go-Pak containers are misleading because consumers expect more cookies or crackers than are actually included. He also avers that Go-Pak packaging is unlawful because it violates the FDA's regulation against nonfunctional slack-fill, 21 C.F.R. § 100.100. He fails to plead a claim based on either theory of liability.

**1. Consumer Deception**

Bush's claim that the reasonable consumer would be deceived as to the amount of snack in a Go-Pak product is not plausible. Consumer deception claims are governed by the "reasonable consumer" test. *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008). Under this standard, a plaintiff must "show that 'members of the public are likely to be deceived.'" *Id.* (citation omitted); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995). This requires more than a mere possibility that Go Pak product "might conceivably be misunderstood by some few consumers viewing it in an unreasonable manner." *Lavie v. Procter & Gamble Co.*, 105 Cal.App.4th 496, 508 (2003). Rather, the reasonable consumer standard requires a probability "that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.*

The Ninth Circuit recently affirmed the dismissal of a slack-fill lawsuit on the ground that the plaintiff failed to state a plausible claim for consumer deception. *See Ebner v. Fresh, Inc.*, No. 13-56644, 2016 WL 5389307 (9th Cir. Sept. 27, 2016). There, the plaintiff alleged that the defendant deceived consumers about the amount of product in its lip balm. She claimed the tube was deceptive because it contained a weighted metallic bottom (which made the box feel heavier), was wrapped in oversized packaging, and used a mechanism that allows only 75% of the product to advance up the tube. The Ninth Circuit concluded that the plaintiff had not, and could not, allege facts to state a plausible claim of consumer deception. It noted that "an accurate net weight label is affixed to every [] tube and its accompanying cardboard box" and concluded that, "the reasonable consumer [] understands that some additional weight at the bottom of the tube—not consisting of product—may be required to keep the tube upright." *Id.* at *6. It further reasoned that "elaborate packaging and the weighty feel of the tube is commonplace and . . . [b]ecause of the widespread nature of this practice, no reasonable consumer expects the weight or overall size of the packaging to reflect directly the quantity of product contained therein." *Id.*

Here, as in *Ebner*, it is undisputed that the Go-Pak product labels disclose the net weight of included product, as well as the number of cookies or crackers per container. Opaque containers

with slack-fill at the top are common in the snack market. "Targeted consumers" thus expect some slack-fill. *Lavie*, 129 Cal.Rptr.2d at 495. No reasonable consumer expects the overall size of the packaging to reflect precisely the quantity of product contained therein. Moreover, "any potential ambiguity could be resolved by the back panel of the products." *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032, 1035 (N.D. Cal. 2015) (dismissing deception claims as implausible where ingredient list disclosed predominance of ingredients); *see also Hawkins v. UGI Corp.*, No. 14-08461, 2016 WL2595990 (C.D. Cal. May 4, 2016) ("regardless of consumers' inability to visually observe the level of product remaining in a cylinder . . . Plaintiffs here cannot plausibly allege that Defendants' admittedly accurate net weight labels [] are fraudulent, deceptive, or misleading").

Bush relies on *Williams*. In *Williams*, parents of small children brought a class action against Gerber based on the allegedly deceptive packaging of its Fruit Juice Snacks, a food product for toddlers. 552 F.3d at 936. The two most prominent ingredients of Fruit Juice Snacks were sugar and corn syrup, and the only fruit or juice content was white grape juice from concentrate. *Id*. Nevertheless, the product: (1) was named "Fruit Juice Snacks"; (2) had images of fruits such as oranges, peaches, strawberries, and cherries on the box; (3) stated that it was made with "fruit juice and other natural ingredients"; and (4) stated that it was "one of a variety of nutritious Gerber Graduates foods and juices that have been specifically designed to help toddlers grow up strong and healthy." *Id*. at 936, 939. The Ninth Circuit concluded that these features on the packaging would lead a reasonable consumer to believe falsely that the product contained the pictured fruits and that all of the ingredients were natural. In light of such deceptive packaging, the court declined to allow Gerber to use the ingredient list as a "shield for liability for the deception[.]" *Id.* at 939. A reasonable consumer, the court explained, is not "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* In *Ebner*, the Ninth Circuit explained that, "[s]tated straightforwardly, *Williams* stands for the proposition that, *if* the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." *Ebner*, at *5.

Here, like in *Ebner* and unlike in *Williams*, there is no deceptive act to be dispelled. The Go-Pak product's weight label and nutrition facts panel do not contradict other representations on or inferences from Mondelez's packaging. Apart from the accurate weight label and serving size statement, "there are no other words, pictures, or diagrams adorning the packaging, as there were in *Williams*, from which any inference could be drawn or on which any reasonable belief could be based about how much [] product" is included. *Ebner*, at *6. In the absence of other indications of snack quantity on the package, it is not plausible that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" into thinking the container would be packed to the brim with snack. *Id.* (citing *Lavie*, 129 Cal.Rptr.2d at 495). Accordingly, Bush fails to state a plausible claim of consumer deception based on Go-Pak product packaging.

### 2. Unlawful Packaging

Bush alleges that the Go-Pak product packaging violates an FDA regulation prohibiting nonfunctional slack-fill, 21 C.F.R. § 100.100.[2] On that basis, he further alleges that Mondelez misrepresented Go-Pak products as "legal for sale." Comp. ¶ 63, 81, 89, 93.

To the extent Bush intended to bring a claim for unlawful packaging under the "unlawful" prong of the UCL, he fails to do so explicitly.[3] In any event, his allegations are "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. After reciting the six circumstances in which slack-fill is functional and not misleading, under 21 C.F.R. § 100.100(a)(1)-(6), Bush alleges tersely that "none of these circumstances apply here." *Id.* at ¶ 5. His allegations are insufficient to support a claim of

---

[2] He also avers that Go-Pak product packaging violates "California law against misbranding," Comp. ¶ 10, but does not provide any further specificity regarding the "California law" or the alleged violation.

[3] In support of his UCL claim, Bush alleges: "the misrepresentations by Defendants detailed above constitutes an *unfair and fraudulent business practice* within the meaning of California Business & Professions Code § 17200." Compl. ¶ 54 (emphasis added). Bush never alleges an "unfair business practice" but does aver that he "suffered injury in fact and [] lost money as a result of Defendants' unlawful slack-fill." *Id.* ¶ 58.

unlawful packaging. *See Victor v. R.C. Bigelow, Inc.*, No. 13-02976, 2014 WL 1028881, at *16 (N.D. Cal. Mar. 14, 2014) (finding that a complaint consisting of "a litany of FDA regulations and federal statutes, and no factual allegation about how [the defendant's] actions . . . are either unlawful or fraudulent aside from conclusory statements . . . do[es] not suffice for Rule 8's 'plausibility' standard, let alone Rule 9's 'particularity' standard for pleading"); *Park v. Welch Foods, Inc.*, No. 12-06449, 2013 WL 5405318, at *5 (N.D. Cal. Sept. 26, 2013) (dismissing amended complaint that provided "little more than a long summary of the FDCA and its food labeling regulations, a formulaic recitation of how these regulations apply to Defendants' products, and conclusory allegations regarding Defendants' 'unlawfulness'"). Moreover, even claims based on unlawful misrepresentations require a showing of reasonable reliance under the UCL. *See Kwikset Corp. v. Superior Court*, 246 P.3d 877, 888 & n.9 (2011). As explained above, Bush has not pleaded adequately reasonable reliance on the Go-Pak product packaging.

Because Bush's unlawful packaging claim fails, his related claim that Mondelez misrepresented Go-Pak products as "legal for sale" fails too. Notably, the Ninth Circuit recently rejected the argument that allegedly deceptive labeling renders food products "illegal to sell, to receive, and to possess under California law." *Brazil v. Dole*, No. 14-17480, 2016 WL 5539863, at *2 (9th Cir. Sept. 30, 2016) (unpublished). Bush alleges that "reasonable consumers . . . attached importance to whether Defendant's Products were [] not legally salable, or capable of legal possession[.]" Comp. ¶ 12. To the extent Bush suggests that the Go-Pak products "subject him to risk of fine or prosecution if he is found in possession of that [] product" there is no "support for this outlandish theory in the decisions of the California courts." *Brazil*, 2016 WL 5539863 at *2.

## V. CONCLUSION

For the foregoing reasons, Mondelez's motion is granted and Bush's claims are dismissed. Although it is not immediately obvious how his case could be saved by amendment, Bush is given leave to amend if, in good faith, he is able to file a viable complaint. Any amended complaint shall be filed within 20 days of this order.

**IT IS SO ORDERED**.

Dated: October 7, 2016

_____
RICHARD SEEBORG
United States District Judge