**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson, State Bar No. 257074
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson, State Bar No. 237882
sclarkson@clarksonlawfirm.com
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorney for Plaintiff Anthony Bush and the Plaintiff Class*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BUSH, individually and on behalf of all others similarly situated, | No. 3:16-cv-02460-RS |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | **SECOND AMENDED COMPLAINT** |
| MONDELEZ INTERNATIONAL, INC., MONDELEZ GLOBAL, LLC, and DOES 1 through 10, inclusive | 1. Cal. Bus. & Prof. Code § 17200<br>2. Cal. Bus. & Prof. Code § 17500<br>3. Cal. Civ. Code § 1750 |
| Defendants. | <u>JURY TRIAL DEMANDED</u> |

Plaintiff Anthony Bush, individually and on behalf of all others similarly situated, brings this class action complaint against Mondelez International, Inc. and Mondelez Global, LLC (collectively "Defendant") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") and alleges as follows:

///

///

///

///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

# I.

## NATURE OF THE ACTION

1.     This is a class action lawsuit brought on behalf of all purchasers of certain Nabisco Go-Paks! products manufactured, advertised, labeled, distributed, and sold by Mondelez at retail outlets across California, including Mini Oreo, Golden Oreo Mini, Mini Chips Ahoy!, and Nutter Butter Bites (the "Product(s)") (pictured below).






2.     Defendant intentionally misleads and shortchanges consumers by falsely and deceptively misrepresenting the amount of food actually contained in each unit of Product to the tune of more than 25%, as follows: (1) providing less food than the amount actually stated on the containers; and (2) under-filling the containers, leaving a significant portion of the containers filled with empty headspace, or "slack-fill." There is no functional purpose for the slack-fill and it actually can and does cause damage to the contents of the Products during shipping and handling.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

## II.

## FACTUAL ALLEGATIONS

3.     The average consumer spends only 13 seconds to make an in-store purchasing decision.[1] That decision is heavily dependent on a product's packaging, and particularly the package dimensions: "Most of our studies show that 75 to 80 percent of consumers don't even bother to look at any label information, no less the net weight . . . . Faced with a large box and a smaller box, both with the same amount of product inside . . . consumers are apt to choose the larger box because they think it's a better value."[2]

4.     Defendant has packaged the Products in opaque, circular, cup-shaped containers with dimensions of 4 inches tall, by 3.5 inches topside diameter, by 2.5 inches bottom diameter.

5.     The size of the containers in and of itself is a representation by Defendant as to the amount of food contained in the Products.

6.     The Products' contents are covered with a protective film and lid at the time of packaging. A true and accurate representation is set forth in images below.

 

---

[1]     http://www.nielsen.com/us/en/insights/news/2015/make-the-most-of-your-brands-20-second-window.html (citing the Ehrenberg-Bass Institute of Marketing Science's report "Shopping Takes Only Seconds…In-Store and Online").

[2] http://www.consumerreports.org/cro/magazinearchive/2010/january/shopping/productpackaging/overview/product-packaging-ov.htm (quoting Brian Wansink, professor and director of the Cornell Food and Brand Lab, who studies shopping behavior of consumers).

7.      Plaintiff made a one-time purchase of the four Products during a single visit to a grocery store in his hometown of San Francisco within the past three years. He paid the full price of approximately $2.00 for each of the four Products, for a total of approximately $8.00.

8.      Plaintiff relied on the size of the containers as a representation by Defendant of the amount of food contained in the Products' containers.

9.      Subsequent to his purchase of the Products, Plaintiff took a snack break while at home to eat the Products. It was not until that time that Plaintiff learned that the Products' containers contained a significant amount of empty space which served no functional purpose.

10.     Prior to the point of sale, the Products' packaging did not allow for a visual or audial confirmation of the contents of the Products.

11.     Plaintiff would not have purchased the Products had he known that the Products contained empty space which serves no functional purpose.

12.     During Plaintiff's investigation, Plaintiff confirmed that Defendant uniformly under-fills the Products' containers, leaving more than 25% of each container empty headspace, or "slack-fill," which serves no functional purpose. A true and accurate representation is set forth in images below.

 

13.    The slack-fill present in the Products does not protect the contents of the packages.

14.    In fact, the greater the slack-fill, the more room the contents have to bounce around during shipping and handling, and the more likely the contents are to break and sustain damage.

15.    If, on the other hand, the amount of food contained in each container is commensurate with the size of the container, as consumers expect, the cookies have less room to move around during shipping and handling, and would be less likely to break.

16.    As such, the slack-fill present in the Products makes the cookies more susceptible to damage, and in fact causes the cookies to often sustain damage.

17.    The Products are packaged with a protective seal and lid.

18.    The equipment used to provide the protective seal and the lid does not breach the inside of the Products' containers during the packaging process.

19.    These protective components of the Products' packaging do not require any empty space to be applied during the manufacturing process.

20.    Even if there was no slack-fill present in the Products' containers, the packaging equipment would still apply the protective seal and lid without disruption to the packaging equipment or the contents of the Products.

21.    The slack-fill present in the Products' container is not a result of the cookies settling during shipping and handling.

22.    Each of the Products' contents, unlike in the case of a powder product, for example, is of a great enough density such that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

23.    The Products' do not use packaging that is part of a reusable container with any significant value to the Products independent of its function to hold the cookies.

24.    For example, the Products' containers are not commemorative items.

SECOND AMENDED COMPLAINT

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

25.    The Products' containers are plastic cups intended to be discarded into the recycling bin immediately after the contents have been completely consumed.

26.    Defendant can easily increase the number of cookies contained in each Product container (or, alternatively, decrease the size of the containers) by at least 25%.

27.    In fact, each Product can accommodate the equivalent of one additional full serving.

28.    Golden Oreo Mini containers can comfortably fit about 10 more cookies, the equivalent of more than one full serving.

29.    Oreo Mini containers can comfortably fit 10 more cookies, the equivalent of more than one full serving.

30.    Nutter Butter Bites containers can comfortably fit 11 more cookies, the equivalent of more than one full serving.

31.    Mini Chips Ahoy! containers can comfortably fit 18 more cookies, the equivalent of more than one full serving.

32.    Accordingly, because it serves no functional purpose, the slack-fill present in the Products' containers constitutes non-functional slack-fill.

33.    Plaintiff did not expect that the Products would contain non-functional empty space, especially given that non-functional slack-fill, as opposed to functional slack-fill, is prohibited by federal law and California law.

34.    Each Product container also contains a statement of the amount of food allegedly contained within each container in the form of cookies per serving, servings per container, and net weight.

35.    Defendant states Golden Oreo Mini containers hold about 3.5 servings per container, times 9 cookies per serving, for a total of about 32 cookies. A true and accurate representation is set forth in images below.

///

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013




36.    However, the Golden Oreo Mini containers contain fewer than 32 cookies.  Moreover, the containers can comfortably hold 10 more cookies.

37.    Defendant makes the exact same statements with regard to Oreo Mini as Golden Oreo Mini—that is, the containers allegedly hold about 3.5 servings per container, times 9 cookies per serving, for a total of about 32 cookies. However, the Oreo Mini containers contain fewer than 32 cookies. Moreover, the containers can comfortably hold 10 more cookies.

38.    Defendant states Nutter Butter Bites containers hold about 3.5 servings per container, times 10 cookies per serving, for a total of about 35 cookies. However, the Nutter Butter Bites containers contain fewer than 35 cookies. Moreover, the containers can comfortably hold 14 more cookies. A true and accurate representation is set forth in images below.




SECOND AMENDED COMPLAINT

39.     Defendant states Mini Chips Ahoy! containers hold about 3.5 servings per container, times 14 cookies per serving, for a total of about 49 cookies. However, the Mini Chips Ahoy! containers contain fewer than 32 cookies. Moreover, the containers can comfortably hold 18 more cookies. A true and accurate representation is set forth in images below.

 

40.     Plaintiff viewed these statements of the amount of food allegedly contained within each container prior to purchasing the Products. However, Plaintiff could not, from viewing these statements, understand in any meaningful that the actual amount of food contained in the Product was less than the amount commensurate with the Product's container, let alone that it constituted more than 25% slack-fill.

41.     Plaintiff did not know and could not know the density of the cookies contained in each Product prior to the point of sale. Plaintiff simply expected that the net weight was reflective of an amount of food commensurate with the size of the containers, not a net weight that rendered more than 25% of the Products' contents non-functional empty space.

42.     Even someone who had purchased the full-size version of the Products before would not know the true size of the cookies contained in the Products' containers.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

43.     The size of the cookies contained in the Products—roughly 15/16 of an inch—is only a fraction (approximately 25%) of the size of the cookies contained in the Products' full-size versions—roughly 1 7/8 inches. A true and accurate representation is set forth in images below.



 

44.     Plaintiff naturally understood the mini version of the cookies contained in each Product would be smaller than the full-size version of the cookies. However, Plaintiff expected the cookies would be smaller only to the extent that the number of cookies included in each container would be commensurate with the size of the containers, not leave more than 25% non-functional empty space.

45.     Moreover, the Products actually contain less food than the amount expressly stated.

46.     Defendant falsely and deceptively inflated the net weight and the number of servings per container on each of the Products, and Defendant continues to inflate these numbers.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

47.    In short, Defendant misleads and shortchanges consumers who purchased the Products by not only providing less food than the amount stated on the containers, but also by including a significant amount of non-functional empty slack-fill—to the tune of more than 25%.

48.    There is no functional reason for including slack-fill in the Product, let alone more than 25% slack-fill.

49.    Defendant's failure to provide less than the stated amount of food product contained each the Products' containers, plus inclusion of non-functional slack-fill, allows Defendant to save a considerable amount of money on food production costs to the detriment of unsuspecting consumers.

50.    Defendant threatens California consumers by continuing to sell the Products using these intentionally deceptive and misleading slack-filled containers.

51.    Defendant's packaging and advertising of the Product violates California law against misbranding, which contains requirements that mirror the FDCA, as described herein.

52.    Plaintiffs and the Class Members (defined *infra*) did not know, and had no reason to know, that the Products contained non-functional slack-fill.

53.    There is no practical reason for the non-functional slack-fill used to package the Products other than to mislead consumers as to the actual volume of the Products being purchased by consumers.

54.    Defendant's Product packaging was a material factor in Plaintiff's and the Class Members' decisions to purchase the Products. Based on Defendant's Product packaging, Plaintiff and the Class Members believed that they were getting more Product than was actually being sold. Had known otherwise, Plaintiff and Class Members would not have purchased the Products.

55.    Plaintiff and the Class Members paid the full price of the Products and received less Product than they expected due to the non-functional slack-fill in the Products.

56.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' conduct. Plaintiff paid an unwarranted premium for these products.  Specifically, Plaintiff paid for Product he never received. Plaintiff would not have purchased the Product if he had known that the containers were not filled.

57.    Defendants' false and misleading packaging should be enjoined due to the false, misleading, and/or deceptive nature of Defendant's containers.  In addition, Defendants should be compelled to provide restitution and damages to consumers who paid a premium price for the Product due to Defendant's representation that it contained a commensurate amount of cookies for a container of its size.

58.    Plaintiff, on behalf of himself and the proposed class, seeks damages, restitution and injunctive relief against Defendants for false and misleading advertising in violation of the "unlawful," "unfair," and "fraudulent" prongs of Business & Professions Code Section 17200, *et seq*., Business & Professions Code Section 17500, *et seq*., and Civil Code Section 1750, *et seq*.

59.    By letter dated November 6, 2015, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

60.    Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### III.

### JURISDICTION AND VENUE

61.    This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more Class Members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one plaintiff and defendant are citizens of different states. This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. § 1367. ///

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

62.     Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff is a citizen of California, resides in this District, and his purchases of the Product were made in this District. Moreover, Defendants receive substantial compensation from sales in this District, and Defendants made numerous misrepresentations which had a substantial effect in this District, including, but not limited to, label, packaging, and internet advertisements, among other advertising.

63.     Defendants are subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendants and California. Defendants are authorized to do and doing business in California.

## IV.

## PARTIES

64.     Plaintiff is, and at all times relevant hereto was, an individual residing in San Francisco County, California, which is located in the federal judicial district for the Northern District of California.  Plaintiff purchased each of the four Go-Pak Products at issue at a supermarket in San Francisco, California within the last three (3) years. The Product were under-filled with cookies and uniformly contained an unlawful amount of slack fill of 25% or more. In making each of his purchases, Plaintiff relied upon the opaque packaging, including the size of the containers, which were prepared and approved by Defendants and their agents and disseminated statewide, designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product's containers were substantially under-filled he would not have purchased the Products or paid a price premium for the Product.

65.     Mondelez International, Inc. and Mondelez Global, LLC are corporations headquartered in East Hanover, New Jersey. They maintain their principal places of business at 100 Deforest Ave., East Hanover, NJ 07936.  They, directly and through their agents, have substantial contacts with and receive substantial benefits and

income from and through the State of California. They are the owner, manufacturer, and distributor of the Product, and are the companies that created and/or authorized the false, misleading, and deceptive advertisements and/or packaging and labeling for the Product.

66.     The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff who therefore sues these individuals and/or entities by fictitious names.  Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained.  Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in the Northern District of California.  Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and damages hereinafter set forth below.

67.     Plaintiff is informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the remaining defendants and was acting in such capacity in doing the things herein complained of and alleged.

68.     In committing the wrongful acts alleged herein, Defendants planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products.  Defendants participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

69.     Defendants, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that the Products were being under-filled, and thus the packaging of the Product was misleading.  Defendants

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

affirmatively misrepresented the quantity of the Products' contents in order to convince the public and the Products' consumer to purchase and use the Products, resulting in profits of millions of dollars or more to Defendants, all to the damage and detriment of the consuming public.

## V.

## CLASS ACTION ALLEGATIONS

70.     Plaintiff brings this action on his own behalf and on behalf of all other persons similarly situated. The Class and Class Members which Plaintiff seeks to represent are "All persons residing in the State of California who purchased the Product for personal use and not for resale during the time period May 5, 2012, through the present. Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product."

71.     The Class comprises many thousands of persons throughout California, the joinder of whom is impracticable, and the disposition of their claims in a Class Action will benefit the parties and the Court.  The Class is sufficiently numerous because millions of units of the Products have been sold in California during the time period May 5, 2012, through the present (the "Class Period").

72.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented.  The questions of law and fact common to the Class predominate over questions which may affect individual Class Members.  Common questions of law and fact include, but are not limited to, the following:

a. Whether Defendants' conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

b. Whether Defendants' conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

c.  Whether Defendants' conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

d.  Whether Defendants' advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq.*;

e.  Whether Defendants made false and misleading representations in their advertising and packaging of the Products;

f.  Whether Defendants knew or should have known that the representations were false;

g.  Whether Defendants represented that the Products have characteristics, benefits, uses, or quantities which the Product does not have; and

h.  Whether Defendants warranted that the Products contained an adequate amount of cookies for a container of its size.

73.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff will fairly and adequately represent and protect the interests of the Class.  Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

74.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.  Plaintiff purchased units of the Products under the belief that they content an amount of cookies commensurate with its representations and the size of the containers.   Plaintiff relied on Defendants' packaging and would not have purchased the Product if he had known that the Product did not have the characteristics, ingredients, uses, benefits, or quantities as represented.

75.    A class action is superior to other available methods for fair and efficient adjudication of this controversy.  The expense and burden of individual litigation would make it impracticable or impossible for Class Members to prosecute their claims individually.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

76.     The trial and litigation of Plaintiff's claims are manageable.  Individual litigation of the legal and factual issues raised by Defendants' conduct would increase delay and expense to all parties and the court system.  The class action device presents far fewer management difficulties and provides the benefits of a single, uniform adjudication, economies of scale, and comprehensive supervision by a single court.

77.     Defendants have acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole.  The prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

78.     Absent a class action, Defendants will likely retain the benefits of their wrongdoing.  Because of the small size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.  Absent a representative action, the Class Members will continue to suffer losses and Defendants will be allowed to continue these violations of law and to retain the proceeds of their ill-gotten gains.

## VI.

## FIRST CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF

## BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

### (By Plaintiff against all Defendants)

79.     Plaintiff repeats and realleges the allegations set forth above, and incorporate the same as if set forth herein at length.

80.     This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq.*, on behalf of a Class consisting of all persons who purchased the Product in California for personal use and not for resale during the time period May 5, 2012, through the present.  Excluded from the Class are Defendants' officers,

directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

81.     Defendant is subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code 17200, *et seq*. The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising…"

82.     Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393.

83.     The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et. seq*.

84.     The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc*., 2013 U.S. Dist. LEXIS 25615, 2013 WL 685372, at *1 (internal citations omitted).

85.     In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.*, *21 U.S.C. § 343 et. seq*.

86.     Plaintiff is not suing under the FDCA, but under California state law.

87.     The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code § 109875 *et seq*., has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code § 110100.

88.     The Sherman Law declares any food to be misbranded if it is false or misleading in any particular, if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code §§ 110660, 110665, 110670.

89.     The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

90.     Defendants' packaging of the Product, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unlawful, unfair, and fraudulent conduct.

91.     Defendants are aware of its unlawful, unfair, and fraudulent conduct.

92.     As alleged in the preceding paragraphs, the misrepresentations by Defendants detailed above constitutes an unlawful, unfair, and fraudulent business practice within the meaning of California Business & Professions Code § 17200.

93.     There were reasonably available alternatives to further Defendants' legitimate business interests, other than the conduct described herein. Defendants could have used packaging appropriate for the amount of Product contained therein.

94.     All of the conduct alleged herein occurs and continues to occur in Defendants' business. Defendants' wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

95.     Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the Class Members seek an order of this Court enjoining Defendants from continuing to engage, use, or employ their practice of under filling the Product's containers.  Likewise, Plaintiff and the Class Members seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

96.     Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' unlawful, unfair, and fraudulent conduct. Plaintiff paid an unwarranted premium for these products.  Specifically, Plaintiff paid for Product her never received.  Plaintiff would not have purchased the Product if he had known that the containers were not adequately filled.

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

# VII.

## SECOND CAUSE OF ACTION

## FALSE AND MISLEADING ADVERTISING IN VIOLATION OF

## BUSINESS & PROFESSIONS CODE § 17500, *et seq*.

### (By Plaintiff against all Defendants)

97.    Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

98.    This cause of action is brought pursuant to Business and Professions Code § 17200, *et seq*., on behalf of a Class consisting of all persons who purchased the Product in the State of California for personal use and not for resale during the time period May 5, 2012 through the present.  Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

99.    California's False Advertising Law, Cal. Bus. & Prof. Code 17500, *et seq*., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

100.    Defendant knew or should have known, through the exercise of reasonable care that their representations about the Product were untrue and misleading.

101.    Defendant's actions in violation of §17500 were false and misleading such that the general public is and was likely to be deceived.

102.    Pursuant to Business & Professions Code §§ 17203 and 17535, Plaintiff and the Class Members seek an order of this Court enjoining Defendants from

continuing to engage, use, or employ their practice of under filling the Product's containers.   Likewise, Plaintiff and the Class Members seek an order requiring Defendants to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendants by means of responsibility attached to Defendants' failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

103.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations.   Plaintiff purchased the Product in reliance of the claims by Defendants that the Product was of the quality represented by Defendants' packaging and advertising.   Plaintiff would not have purchased the Product if he had known that the claims and advertising as described herein were false.

**VIII.**

**<u>THIRD CAUSE OF ACTION</u>**

**<u>VIOLATION OF CALIFORNIA CIVIL CODE § 1750, *et seq*.</u>**

**(By Plaintiff against all Defendants)**

104.   Plaintiff repeats and realleges the allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

105.   This cause of action is brought pursuant to <u>Civil Code</u> § 1750, *et seq*., the Consumers Legal Remedies Act ("CLRA"), on behalf of a Class consisting of all persons who purchased the Product in the State of California for personal use and not for resale during the time period May 5, 2012, through the present.   Excluded from the Class are Defendants' officers, directors, and employees, and any individual who received remuneration from Defendants in connection with that individual's use or endorsement of the Product.

106.   The Class consists of thousands of persons, the joinder of whom is impracticable.

107.   There are questions of law and fact common to the class, which questions

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

are substantially similar and predominate over questions affecting the individual Class Members, including but not limited to: (a) Whether Defendants represented that the Product has characteristics, benefits, uses or quantities which it does not have; (b) Whether the existence, extent and significance of the major misrepresentations regarding the purported benefits, characteristics and efficacy of the Product violates the Act; and (c) Whether Defendants knew of the existence of these misrepresentations.

108.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

109.   The policies, acts, and practices heretofore described were intended to result in the sale of the Product to the consuming public and violated and continue to violate § 1770(a)(5) and (9), of the CLRA, respectively, by representing that the Product: (1) has characteristics, ingredients, uses, benefits, and quantities which it does not have and (2) advertising the Product with intent not to sell it as advertised.

110.   Defendants fraudulently deceived Plaintiff and the Class by representing that the Product has certain characteristics, benefits, uses, and quantities which they do not have (e.g., that the Product was adequately filled with cookies).  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

111.   Defendants fraudulently deceived Plaintiff and the Class by advertising the Product with intent not to sell it as advertised (e.g., by intentionally under-filling the Product's containers).  In doing so, Defendants intentionally misrepresented and concealed material facts from Plaintiff and the Class.  Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

112.   Defendants knew or should have known, through the exercise of

reasonable care that the Product's packaging was misleading.

113.   Defendants' actions as described hereinabove were done with conscious disregard of Plaintiff's rights and Defendants were wanton and malicious in its concealment of the same.

114.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendants' false representations in an amount to be determined at trial.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the members of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

A.   For an order certifying the Class pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative, and designating Plaintiff's counsel as counsel for the Class;

B.   For an order certifying the California Subclass pursuant to Federal Rule of Civil Procedure 23, appointing Plaintiff as class representative of the California Subclass, and designating Plaintiff's counsel as counsel for the California Subclass;

C.   For an order declaring that Defendant's conduct violated the CLRA, California Civil Code Section 1750, *et seq.*, and awarding (i) injunctive relief, (ii) costs of suit, and (iii) reasonable attorney fees;

D.   For an order declaring that Defendant's conduct violated California's Unfair Competition Law, California Business and Professions Code Section 17200, *et seq.*, California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, and California's Consumers Legal Rememdies Act, Civil Code Section 1750, *et seq.*, awarding: (i)  injunctive relief, (ii) actual damages, (iii) prejudgment and post judgment interest, (iv) exemplary and/or punitive damages pursuant

CLARKSON LAW FIRM, P.C.
The Pershing Square Building
448 S. Hill St., Suite 701
Los Angeles, CA 90013

to California Civil Code Section 3294, (v) costs of suit, and (vi) reasonable attorney fees pursuant to, inter alia, California Code of Civil Procedure Section 1021.5;

E.    For an order enjoining Defendants from pursuing the policies, acts, and practices complained of herein and requiring Defendants to pay restitution and all other forms of equitable relief to Plaintiff and all members of the Class in an amount to be determined at trial;

F.    For compensatory damages in an amount to be determined by the Court and/or jury;

G.    For injunctive relief as pleaded or as the Court may deem proper

H.    For punitive damages;

I.    For pre-judgment interest from the date of filing this suit;

J.    For reasonable attorney fees;

K.    For costs of this suit; and

L.    For such other and further relief as the Court may deem necessary or appropriate.

DATED: October 27, 2016            **CLARKSON LAW FIRM, P.C.**


                                   ___/s/ Ryan J. Clarkson_____
                                   Ryan J. Clarkson, Esq.
                                   Shireen M. Clarkson, Esq.
                                   Attorneys for Plaintiff and the Proposed
                                   Plaintiff Class

SECOND AMENDED COMPLAINT

## JURY TRIAL DEMANDED

Plaintiff demands a jury trial on all triable issues.

DATED: October 27, 2016                    **CLARKSON LAW FIRM, P.C.**


__/s/ Ryan J. Clarkson_____
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Attorneys for Plaintiff and the Proposed
Plaintiff Class